# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:12-cr-00119-MR-DLH-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| STEPHANIE NICOLE DAY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794. [Doc. 128].

On March 1, 2013, the Defendant pleaded guilty to conspiracy to possess with intent to distribute at least 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Doc. 52]. The Defendant was sentenced on December 30, 2013, to a term of 100 months' imprisonment. [Doc. 92]. The Defendant did not file a direct appeal. On September 12, 2015, the Court reduced the Defendant's sentence to 84 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. [Doc. 124].

On September 26, 2016, the Defendant filed the present motion, arguing that Amendment 794 to U.S.S.G. § 3B1.2 makes her eligible for a minor role adjustment to her already reduced sentence. [Doc. 128].

The Sentencing Guidelines Manual does not specify Amendment 794 as a retroactively applicable amendment. See U.S.S.G. § 1B1.10(d) (2015). Even assuming that Amendment 794 could be applied retroactively, however, it would not affect the Defendant's sentence. Amendment 794 amended the commentary to U.S.S.G. § 3B1.2 in order to provide a list of non-exhaustive factors for the sentencing court to consider in determining whether to apply a mitigating role adjustment. See U.S.S.G. app. C, amend. 794, at 116. Here, the record makes clear that the Defendant was far more than a minor or minimal participant in the subject conspiracy. In fact, the PSR notes that confidential informants made multiple purchases of methamphetamine from the Defendant, and that the Defendant was responsible for 34.1 grams of actual methamphetamine and 3.6 grams of a mixture of methamphetamine. [Doc. 79 at ¶¶ 1-12]. Thus, Amendment 794 has no bearing on the Defendant's case.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 128], which the Court construes as a motion for a reduction of

sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794, is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 7, 2016

Martin Reidinger
United States District Judge